IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SLOCUMB LAW FIRM, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:14-CV-719-WKW |
| | ) | [WO] |
| MATTHEW TROLLINGER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant Matthew Trollinger's motion to dismiss for lack of personal jurisdiction, alternative motion to dismiss for lack of venue or to transfer on grounds of *forum non conveniens*, and alternative motion to dismiss for failure to state claims upon which relief can be granted.  (Docs. # 8, 9, 10, 11, 12, 13.)   Plaintiff Slocumb Law Firm, LLC, has responded with a consolidated opposition brief (Doc. # 17), to which Mr. Trollinger has replied (Doc. # 18). Upon consideration of the parties' submissions, the court finds that Mr. Trollinger's motions to dismiss for lack of personal jurisdiction and venue are due to be denied and that this case should be transferred to either the United States District Court for the District of Maryland or the United States District Court for the District of Columbia.

## I.  JURISDICTION AND VENUE

The court exercises subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. As discussed *infra*, Mr. Trollinger disputes that this court has personal jurisdiction over him and that venue is proper in this district.

## II.  STANDARDS OF REVIEW

### A.    <u>Rule 12(b)(2)</u>

When considering a motion to dismiss for lack of personal jurisdiction, "[t]he court must construe the allegations in the complaint as true, to the extent they are uncontroverted by [the] defendant's affidavits or deposition testimony." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988).  "[W]here the evidence presented by the parties' affidavits and deposition testimony conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff."  *Id*. When no evidentiary hearing is held, the plaintiff need only establish a prima facie case of jurisdiction by presenting evidence sufficient to defeat a motion for judgment as a matter of law.  *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).  By that standard, the plaintiff must offer evidence that creates a genuine dispute of material fact as to the court's personal jurisdiction over the defendant.

### B.    <u>Rule 12(b)(3)</u>

The standard for deciding a motion to dismiss for improper venue is very similar to the standard articulated above for deciding a Rule 12(b)(2) motion.  *See*

*Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004). The plaintiff carries the burden of showing that venue is proper in the chosen forum once the defendant contests venue under Rule 12(b)(3). *Id.*; *Pritchett v. Paschall Truck Lines, Inc.*, 714 F. Supp. 2d 1171, 1174 (M.D. Ala. 2010).

## III.  BACKGROUND

Slocumb Law Firm, LLC (hereinafter "Slocumb"), led by its founder and sole member, Mike Slocumb, is based in Auburn, Alabama, but Slocumb has offices in Baltimore, Maryland, and Washington, D.C.[1]  Mr. Trollinger, who is not an Alabama citizen, was employed as an attorney in Slocumb's Washington, D.C. office from February 2010 through July 2011.  While an employee of Slocumb, Mr. Trollinger never visited or worked in Alabama, but he communicated daily with Mr. Slocumb, who was in Alabama, via telephone and computer.  Mr. Trollinger represented clients in Maryland, Virginia, and the District of Columbia.

Slocumb maintains its clients' personal and case-related information in an electronic database called "Needles," and the Needles computer server is located in Auburn.  Slocumb claims that its Needles data – specifically the terms of its client retention agreements – constitutes a valuable trade secret.  Mr. Trollinger allegedly retained information from the Needles database after he resigned his employment with Slocumb.

---

[1] Mike Slocumb is a citizen of Alabama.

3

Slocumb additionally alleges that Mr. Trollinger neglected his fiduciary duties to it during his employment by failing to pay liens against Slocumb's clients out of settlement proceeds collected for clients. Slocumb did not know about the unpaid liens until Mr. Trollinger departed the firm. Slocumb has assumed responsibility for paying the liens and alleges that the sums owed exceed this court's jurisdictional requirement of $75,000. The Complaint states claims for breach of fiduciary duty, negligence, and violation of the Alabama Trade Secrets Act. Mr. Trollinger moves to dismiss pursuant to Rule 12(b)(2), (3), and (6). (Docs. # 8–13.)

In his Affidavit, Mr. Trollinger claims that this suit is Slocumb's retaliatory response to Mr. Trollinger's Maryland lawsuit against Slocumb for unpaid wages. (*See* Trollinger Aff., Doc. # 8-1.) Mr. Trollinger obtained a default judgment in Maryland against Slocumb in 2012 and domesticated it in Lee County, Alabama, in 2013. Slocumb's claims raised in this suit were not raised as counterclaims to the Maryland action.

## IV. DISCUSSION

The court is obligated to address the question of personal jurisdiction prior to Defendants' alternative arguments for dismissal under Rule 12(b)(3) and (6).

4

A.   **Personal Jurisdiction**

A personal jurisdiction challenge in a federal court requires a two-part analysis.  The court must first determine its jurisdiction under the forum state's long-arm statute; second, it must decide whether exercising jurisdiction is in agreement with principles of constitutional due process.  Alabama's long-arm statute permits state and federal courts in Alabama to exercise personal jurisdiction "to the fullest extent constitutionally permissible."  *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007) (citing Ala. R. Civ. P. 4.2(b)).  Thus, only one analysis is necessary because the limits of Alabama's long-arm jurisdiction are coterminous with constitutional due process requirements.

The Due Process Clause requires that (1) a defendant have "minimum contacts" with the forum state and that (2) a court's exercise of jurisdiction conform to "traditional notions of fair play and substantial justice."  *Burnham v. Superior Ct. of Cal.*, 495 U.S. 604, 618 (1990).

1.   *Minimum Contacts*

When considering "minimum contacts" in support of personal jurisdiction, it is imperative to observe the distinction between general and specific jurisdiction. "General jurisdiction" over a defendant arises from the defendant's continuous and systematic contacts with the forum state that are unrelated to the suit, while "specific jurisdiction" arises from a defendant's sporadic or limited contacts with

the forum state that are at issue in the plaintiff's cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15 nn.8–9 (1984). Slocumb argues that Alabama courts have specific jurisdiction over Mr. Trollinger. In a case premised on specific jurisdiction,

> [the] defendant's contacts with the forum state must satisfy three criteria: [(1)] they must be related to the plaintiff's cause of action or have given rise to it; [(2)] they must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum; and [(3)] they must be such that the defendant should reasonably anticipate being haled into court there.

*Sloss*, 488 F.3d at 925 (internal quotation marks omitted). "[A]ll contacts between a nonresident defendant and a forum state" should be considered to see whether, "individually or collectively, [they] satisfy these criteria." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1357 (11th Cir. 2013).

"[A] minimum contacts analysis is immune to solution by checklist," and "contacts must be viewed both quantitatively and qualitatively." *Sloss*, 488 F.3d at 925 (internal quotation marks and citation omitted). Significantly, technological sophistication which allows interstate business to be facilitated by mail, wire, or satellite may render a nonresident defendant's physical presence in the forum state unnecessary for a court's exercise of personal jurisdiction over him. *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 858 (11th Cir. 1990).

Slocumb does not dispute Mr. Trollinger's argument that the court lacks general jurisdiction. Instead, Slocumb asserts that specific jurisdiction exists.

First, Slocumb argues, Mr. Trollinger's contact with Alabama is "related to" this case because Mr. Trollinger accessed Slocumb's Needles server, located in Auburn, Alabama, without authorization.   Other courts have asserted personal jurisdiction where parties electronically access servers in the forum state.   For instance, in *MacDermid, Inc. v. Deiter*, 702 F.3d 725 (2d Cir. 2012), the Second Circuit held that Connecticut's courts had personal jurisdiction over the plaintiff's former employee who allegedly accessed and misused her work emails from a computer in Canada.   *Id.* at 727.   In reaching its decision, the court applied a computer-specific provision of Connecticut's long-arm jurisdiction statute.   *Id.* at 728 (citing Conn. Gen. Stat. §§ 52-59b(a) and 53-451(a), which authorize courts to exercise personal jurisdiction over nonresident individuals who use computers or computer networks located within Connecticut).   The Second Circuit was persuaded that the defendant had used Connecticut-based servers to access her work email account.   *Id.* at 729.[2]

As Mr. Trollinger points out, there is no similar Alabama statute specifically creating long-arm personal jurisdiction over a person's remote use of an Alabama-based computer network.   (*See* Doc. # 18, at 3.)   However, courts have reached the same result as *MacDermid* without the aid of a long-arm statute like Connecticut's

---

[2]  Slocumb cites a number of similar cases from other jurisdictions in which courts extended long-arm jurisdiction over defendants who accessed or otherwise made use of servers in the forum state.  (Doc. # 17, at 9 (collecting cases).)

by applying traditional due process principles, just as an Alabama court would. *See, e.g., CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1264 (6th Cir. 1996) (following Ohio law); *Rhapsody Solutions, LLC v. Cryogenic Vessel Alternatives, Inc.*, No. CIV.A. H-12-1168, 2013 WL 820589, at *5 (S.D. Tex. Mar. 5, 2013). Assuming that Mr. Trollinger's wrongful access and appropriation of information from Slocumb's Needles server is sufficient to support a finding of minimum contacts, this fact would only support Slocumb's Alabama Trade Secrets Act claim against Mr. Trollinger.  Mr. Trollinger's access of the Needles server is unrelated to Slocumb's allegations of Mr. Trollinger's negligence and breach of fiduciary duty.  Slocumb must show facts that support personal jurisdiction as to each of its claims.  *See Turner v. Regions Bank*, 770 F. Supp. 2d 1244, 1248 (M.D. Ala. 2011) ("[S]pecific personal jurisdiction is a claim-specific inquiry.") (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006) (alteration omitted)).  Indeed, there must be a "direct[,] causal relationship between the defendant, the forum, and the litigation." *Louis Vuitton*, 736 F.3d at 1355–56.

Thus, Slocumb further relies on the following additional contacts with Alabama, which it says relate to the breach of fiduciary duty and negligence causes of action:  (1) Mr. Trollinger's general employment for Slocumb, an Alabama firm; (2) Mr. Trollinger's receipt of compensation from Slocomb's funds drawn on an Alabama bank account; (3) Mr. Trollinger's daily electronic and telephonic

8

communications with Mr. Slocomb; (4) Mr. Trollinger's online training to use Needles, which originated in Alabama; and (5) Mr. Trollinger's submission of expense reports to Slocomb in Alabama.  (*See* Doc. # 17, at 3 ("[A]ny of Mr. Trollinger's many contacts with Alabama . . . could give rise to [Slocumb's] claims against him. . . ." (referencing activities described at 4, 6, and 10)).)  These facts are supported by Attorney Michael W. Slocumb's Affidavit.  (*See* Slocumb Aff., Doc. # 17-1.)

Slocumb explains that each of these specific actions – and more – were found to support the exercise of personal jurisdiction over an out-of-state defendant in *Molex Co. v. Andress*, 887 F. Supp. 2d 1189, 1203 (N.D. Ala. 2012) (Smith, J.) (finding that the defendant's regular consultant work for the Alabama plaintiff and another Alabama business, his frequent communication with plaintiff's staff by telephone, fax, and email, his receipt of multiple payments from plaintiff's Alabama financial institution, and his request for products and reimbursement from plaintiff's Alabama office were sufficient to establish the defendant's minimum contacts).  Similarly, another federal district court concluded that it had personal jurisdiction over individuals who had voluntarily faxed non-compete agreements to the plaintiff at its Alabama corporate headquarters and participated in "extensive training, via the internet and conference calls that originated from [Alabama]," although that court admitted that the question of personal jurisdiction was a close

call.  *DocRX, Inc. v. DOX Consulting, LLC*, 738 F. Supp. 2d 1234, 1248–49 (S.D. Ala. 2010) (Cassady, M.J.).

In reply, Mr. Trollinger does not contradict Slocumb's facts, supported by affidavit testimony.  Instead, he distinguishes *Molex* and *DocRX* from this case by asserting that there is no evidence that he reached out to Slocomb for employment or business.  Mr. Trollinger stresses that, unlike the defendants in *Molex* and *DocRX*, he provided no service or product in Alabama.  (Indeed, he was legally unable to practice law in Alabama.)  He argues that his receipt of compensation or reimbursement from Slocumb's Alabama bank, the origination of any training from Alabama, and his daily communication with Slocumb in Alabama "relate to his responsibilities which were, and only could have been, performed outside of Alabama."  (Doc. # 18, at 4 (italics omitted).)

Upon consideration of the parties' arguments and the evidence, the court concludes that Slocumb has established a prima facie case of personal jurisdiction by demonstrating that Mr. Trollinger has sufficient minimum contacts with Alabama.  Slocumb's claims of trade secret misappropriation, breach of fiduciary duty, and negligence may arise from Mr. Trollinger's work-related activities in Maryland, but they are causally related to Mr. Trollinger's acceptance of employment with an Alabama-based law firm.  Further, the employment-related activities cited by Slocumb indicate that Mr. Trollinger purposefully availed

himself of the privilege of being employed by an Alabama firm, and for that reason, Mr. Trollinger should have reasonably anticipated being brought into court in Alabama arising from any employment-related disputes with Slocumb.  Having found minimum contacts, the court inquires whether exercising jurisdiction over Mr. Trollinger comports with traditional notions of fair play and substantial justice.

## 2.    *Traditional Notions of Fair Play and Substantial Justice*

To decide whether the exercise of jurisdiction is fair and just to Mr. Trollinger, the court should consider:  (1) the burden to Mr. Trollinger in defending suit in Alabama; (2) Alabama's interest in adjudicating this dispute; (3) Slocumb's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of this controversy; and (5) the shared interest of the states in furthering substantive social policies.  *Cronin v. Wash. Nat'l Ins. Co.*, 980 F.2d 663, 671 (11th Cir. 1993).  First, Mr. Trollinger contends that he merely is an individual attorney residing in Maryland, in contrast to Slocumb's status as a "national law firm" with a presence in multiple jurisdictions.   Hence, Mr. Trollinger argues, his burden in defending suit in Alabama allegedly is higher than Slocumb's burden of suing in Maryland.  Next, Mr. Trollinger contends that Alabama lacks an interest in a dispute arising from conduct committed in Maryland or the District of Columbia.   Finally, Mr. Trollinger posits that it would be more convenient and more efficient for Slocumb

to sue in Maryland because any judgment against Mr. Trollinger obtained in Alabama would need to be domesticated in Maryland.

As for Mr. Trollinger's first objection, the burden on the defendant in litigating in the plaintiff's chosen forum is "always a primary concern." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). However, "modern transportation and communication have made it much less burdensome" for nonresident defendants to defend themselves in distant forums. *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957). Further, "due process is only offended when the burden placed upon the defendant is incommensurate with the benefits and protections the defendant has received within the forum." *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1221 n.30 (11th Cir. 2009). Altogether, the court finds that the burden upon Mr. Trollinger of defending suit in Alabama is commensurate with the benefits and protections that Mr. Trollinger has received from his employment-related contact with Alabama.[3]

As for Mr. Trollinger's second objection, the court cannot agree that Alabama lacks an interest in resolving three claims raised by one of its own citizen business entities involving allegations of misconduct and injury occurring, in part, in Alabama, in violation of an Alabama trade secret statute. Finally, Mr.

---

[3] The court is unaware of any authority, and Mr. Trollinger has provided none, that advises that a court should consider the comparative wealth or status of the plaintiff and defendant. Hence, Mr. Trollinger's nod toward a Goliath versus David argument is without merit.

Trollinger's argument that it would be more efficient for purposes of judgment collection if Slocumb sued him in Maryland as opposed to Alabama is belied by Mr. Trollinger's own decision to sue Slocumb in Maryland, rather than Alabama, knowing that he might have to domesticate a foreign judgment in Alabama.  For these reasons, and in the absence of any other proper objections, the court finds that requiring Mr. Trollinger to defend this suit in Alabama does not offend traditional notions of fair play and substantial justice.

## B. <u>Venue</u>

Mr. Trollinger contends that the Complaint lacks well-pleaded allegations connecting his alleged misconduct with the Middle District of Alabama.  Slocumb claims that venue is proper pursuant to 28 U.S.C. § 1391(b)(2), which provides that a civil action may be filed in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."[4]  Under this transactional venue provision, "[o]nly the events that directly give rise to a claim are relevant. And of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003).

---

[4] No party has argued that venue in this district lies under § 1391(b)(1) or (b)(3).

Mr. Trollinger asserts that all events that gave rise to each of Slocumb's claims (*i.e.*, Mr. Trollinger's alleged failure to satisfy Slocumb's clients' liens against Slocumb's clients and Mr. Trollinger's alleged misappropriation of information from the Needles server) must have occurred outside of Alabama in either Maryland or Washington, D.C.   (*See* Trollinger Aff. at ¶¶ 5–9, 11–12.) Slocumb disagrees, arguing that Mr. Trollinger should have reported the clients' liens to Slocumb's Alabama office.   Moreover, with respect to Mr. Trollinger's alleged violation of the Alabama Trade Secrets Act, Slocumb asserts that venue is proper in Alabama where the Needles server is maintained.[5]   (Doc. # 17, at 14.) Slocumb relies on an unpublished opinion from the Northern District of Georgia for its conclusion that "the situs of [a] tort [occurring over an internet website] is considered to be where the website, or servers which maintain the website, are located."  *Paradise Media Ventures, LLC v. Mills*, No. 1:13-CV-1003-TWT, 2013 WL 6388627, at *3 (N.D. Ga. Dec. 5, 2013) (quoting *Gucci Am., Inc. v. Frontline Processing Corp.*, 721 F. Supp. 2d 228, 241 (S.D.N.Y. 2010)).

Mr. Trollinger replies that regardless of whether he should have reported the liens to his employer in Alabama, his alleged failure to pay the liens on behalf of Slocumb's clients occurred in Maryland or Washington, D.C., where he practiced

---

[5] Slocumb does not dispute Mr. Trollinger's representation that any alleged remote, electronic access of the Needles server must have occurred in Maryland, either at Mr. Trollinger's law practice or personal residence.  (*See* Doc. # 11, at 3 (citing Trollinger Aff.).)

14

law and represented the clients.  (Doc. # 18, at 5, 6.)  Mr. Trollinger distinguishes *Paradise Media* and *Gucci* on the grounds that each case confronted whether the courts of other states (Georgia and New York, respectively) could exercise personal jurisdiction over defendants who allegedly committed trademark infringement outside of those states.   While the court understands Slocumb's argument that tortious conduct occurred in Alabama where the server is located, Mr. Trollinger is correct that personal jurisdiction and venue are distinct inquiries. Charles Alan Wright, *et al*., 14D Fed. Prac. & Proc. § 3806 (4th ed.) ("[P]ersonal jurisdiction and venue protect different interests and therefore may be interpreted differently. . . .   For example, the constitutional test for personal jurisdiction requires 'minimum' contacts between the defendant and the forum.   Section 1391(b)(2), in contrast, requires that a 'substantial' part of the claim arise in the district. . . .  [Thus,] the two doctrines should not be equated.").

Upon review of the allegations of the Complaint and the parties' arguments, the court finds that none of the "events or omissions giving rise to" each of Slocumb's three claims – much less a "substantial part" of those events or omissions – "occurred" in Alabama.  *See* 28 U.S.C. § 1391(b)(2); *Jenkins Brick*, 321 F.3d at 1371–72.  Mr. Trollinger's alleged acts of negligence and breach of fiduciary duty are "omissions" which occurred outside this district because Mr. Trollinger practiced law outside this district.   Additionally, Mr. Trollinger's

alleged violation of the Alabama Trade Secrets Act is an "event" which occurred, on Mr. Trollinger's part, outside this district when he accessed the Needles server. Slocumb has not met its burden of showing that venue in this district is proper.

Mr. Trollinger's motion to dismiss for lack of venue includes an alternative motion to transfer venue pursuant to 28 U.S.C. § 1404 and the doctrine of *forum non conveniens*.  However, this argument need not be reached, as the court has determined that venue is improper under § 1391(b).

Although venue in this district is improper, the court need not dismiss the case pursuant to Rule 12(b)(3).  When a case is filed "laying venue in the wrong division or district," the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  "[T]he venue statutes reflect Congress' intent that venue should always lie in *some* federal court whenever federal courts have personal jurisdiction over the defendant."  *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 578 (2013).  Mr. Trollinger suggests either the United States District Court for the District of Maryland or the United States District Court for the District of Columbia in his arguments for a more convenient forum. (Doc. # 11, at 5.)  Regardless of which one of those forums is more appropriate, Mr. Trollinger acquiesces to venue in either of those fora, and venue would clearly lie in Maryland, assuming Mr. Trollinger continued his residence there.  *See* 28

16

U.S.C. § 1391(b)(1).  Slocumb has not taken a position on whether Maryland or the District of Columbia is the more appropriate forum in the event Mr. Trollinger's objection to venue was found to be meritorious.  Furthermore, the facts are not clear as to whether it would be more appropriate for this case to be heard in Maryland or in the District of Columbia.  For instance, Mr. Trollinger worked at Slocumb's Washington, D.C. office, but represented clients in Washington D.C., Maryland, and Virginia.  Additionally, Mr. Trollinger claims that his alleged access of the Needles server would have occurred in Maryland at his law practice or home.

Because of the ambiguity about which forum is proper, and because the court has not heard Slocumb's position, the parties shall offer their positions on transfer prior to the court's entry of a transfer order pursuant to § 1406(a).

## V.  CONCLUSION

Based on the foregoing analysis, it is ORDERED that:

(1)     Mr. Trollinger's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction (Doc. # 8) is DENIED;

(2)     Mr. Trollinger's Rule 12(b)(3) motion to dismiss for improper venue and alternative motion to dismiss on grounds of *forum non conveniens* (Doc. # 10) is DENIED, but Mr. Trollinger's objection to venue in this district is well founded

and the court therefore will enter a separate order transferring this case pursuant to 28 U.S.C. § 1406(a);

(3)    Mr. Trollinger's Rule 12(b)(6) motion to dismiss (Doc. # 12) is DENIED without prejudice;

(4)    On or before **August 14, 2015**, the parties shall file a response to this order indicating whether this case should be transferred to the District of Maryland or to the District of Columbia.

DONE this 7th day of August, 2015.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE
